

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| J.A. CASTRO <br> 12 Park Place, Mansfield, TX 76063 <br><br> Plaintiff, <br><br> v. <br><br> JUSTICE OF THE PEACE KENNETH SANDERS <br> 1100 East Broad Street, Suite 202, Mansfield, TX  76063 <br><br> Defendant. | Case No. _____ <br><br> **4-23CV-976-Y** |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW

TO THE HONORABLE COURT:

Plaintiff, J.A. CASTRO, *pro se*, files this Verified Complaint for Declaratory and Injunctive Relief against Defendant Justice of the Peace Kenneth Sanders, in strict conformity with Fed. R. Civ. P. 8(a), and, in support thereof, alleges as follows:

### I. CLAIM FOR RELIEF

#### A. JURISDICTION

1. Because this cause of action arises under 42 U.S.C. § 1983, 28 U.S.C. §§ 2201 and 2022, and the 1st and 14th Amendments to the U.S. Constitution, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

1

**B. PARTIES**

2. Plaintiff J.A. Castro is a Texas resident who currently resides at 12 Park Place in Mansfield, Texas.

3. Defendant Justice of the Peace Kenneth Sanders is a Tarrant County Justice of the Peace for Precinct 7 located in Mansfield, Texas.

**C. VENUE**

4. Because both Plaintiff and Defendant are residents of Tarrant County, Texas, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

**D. ENTITLEMENT TO RELIEF**

5. 42 U.S.C. § 1983 states : "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States… to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer* for an act or omission taken in such officer's judicial capacity, *injunctive relief shall not be granted unless… declaratory relief was unavailable*." In this case, a declaratory decree was not violated. Moreover, declaratory relief at the state-level is unavailable. As such, this Court may grant injunctive relief to remedy any deprivation of rights, privileges, or immunities secured by the U.S. Constitution.

6. On November 28, 2022, Midland Credit initiated a civil action to collect on an

alleged debt account.

7. On August 4, 2023, Plaintiff filed a Motion for No Evidence Summary Judgement. Under the liberal *pro se* standard, this was a Motion for Summary Disposition pursuant to Tex. R. Civ. P. 503.2(c).

8. Tex. R. Civ. P. 503.2 governs motions for summary disposition before Texas justice courts. In accordance with Tex. R. Civ. P. 503.2(a)(1)-(3), Relator filed a sworn motion for summary disposition. Tex. R. Civ. P. 503.2(c) **mandates** that a "court must not consider a motion for summary disposition until it has been on file for at least 14 days."

9. On August 8, 2023, only 4 days later, Defendant denied Plaintiff's Motion for Summary Disposition.

10. On September 18, 2023, Defendant held a non-jury trial. Midland Credit introduced affidavits to the Court to evidence the existence of a debt account; but not ownership of the account. Plaintiff verbally objected to the introduction of that evidence on the basis that it was hearsay evidence barred by Tex. R. Evid. 802. Midland Credit responded that the Texas Rules of Evidence are inapplicable to justice courts. Plaintiff responded that the general rule against hearsay applies to all courts regardless of whether the comprehensive Texas Rules of Evidence are technically inapplicable. Defendant permitted the introduction of the hearsay evidence; overruling Plaintiff's verbal objections. Thereafter, relying solely upon the hearsay evidence, Defendant granted judgment to Midland Credit.

11. As a matter of public policy, hearsay is never admissible in any court of law. *See Andrea K. Randle v. At Owner 18, L.P.*, No. 07-22-00319-CV, 2023 WL 6153575, at *2 (Tex. App. Sept. 20, 2023).

12. On September 21, 2023, Plaintiff electronically filed a document titled *Defendant's Objections and Consolidated Motions for Reconsideration, Rehearing, or New Trial*.

13. Upon electronic filing, Plaintiff specifically classified the filing as a "Motion for New Trial" and paid the $54 filing fee for said motion. Despite Plaintiff clearly classifying the motion as a "Motion for New Trial," Defendant ordered the Clerk to reject the filing. Defendant stated that "[t]here are multiple motions listed on the same filing, the court cannot choose for you, if you want to file a motion for new trial, please resubmit proper motion with $54 filing fee."

14. The same day, Plaintiff re-filed the Objections and, separately, the Motion for New Trial. The Court again rejected the filings claiming that the objections in the Motion for a New Trial were not permitted pursuant to the Texas Rules of Civil Procedure, which is patently false.

15. Defendant's actions in baselessly rejecting the filings of Plaintiff have deprived Plaintiff of his right to petition the judiciary to redress his grievances as secured by the 1st Amendment to the U.S. Constitution, his right to due process as secured by the 14th Amendment to the U.S. Constitution.

16. Moreover, Tex. R. Civ. P. 506.1, which requires a defendant to file a "bond in an amount equal to twice the amount of the judgment" is an unconstitutionally burdensome abridgement of Plaintiff's right to petition the appellate courts in Texas to redress his grievances as secured by the 1st Amendment to the U.S. Constitution. Texas created this special rule for justice courts because defendants before these courts tend to be ethnic minorities, uneducated,

and indigent.

17.     Lastly, the admissibility of hearsay evidence in Texas justice courts while said evidence is generally inadmissible in other statutory courts violates Plaintiff's right to equal protection under the law as secured by the 14th Amendment to the U.S. Constitution.

### E. DEMAND FOR RELIEF

18.     Plaintiff requests declaratory, injunctive, and any other relief that has the effect of directly or indirectly compelling a new trial in his Texas justice court case.

19.     Plaintiff requests declaratory, injunctive, and any other relief that has the effect of directly or indirectly compelling compliance with Tex. R. Civ. P. 503.2 that mandates a specified time period before a justice of the peace can rule on a Motion for Summary Disposition.

20.     Plaintiff requests this Court to declare that Tex. R. Civ. P. 506.1, which requires a just court defendants to file a "bond in an amount equal to twice the amount of the judgment," is an abridgement of every defendant's right to petition the state judiciary in Texas to redress their grievances as secured by the 1st Amendment to the U.S. Constitution and is, therefore, **UNCONSTITUTIONAL**.

21.     Plaintiff requests this Court to declare that, because hearsay evidence is not admissible in Texas statutory courts, the allowance of hearsay evidence in Texas justice courts creates inconsistent treatment of evidentiary standards resulting in a violation of the right to equal protection under the law as secured by the 14th Amendment to the U.S. Constitution and is, therefore, **UNCONSTITUTIONAL**.

22.     Plaintiff requests this Court to declare that any further abridgment or infringement of Plaintiff's constitutional rights would violate 18 U.S.C. § 242, which makes it a federal crime

for a person acting under color of law to willfully deprive a person of a right or privilege protected by the United States Constitution, requiring the criminal prosecution and removal from office of Justice of the Peace Kenneth Sanders.

23. Plaintiff is a *pro se* litigant. Therefore, all aspects of this filing must be liberally construed, including the inartful claims for relief.

Respectfully submitted,

September 25, 2023.   By:   /s/ J.A. Castro
                                                J.A. CASTRO
                                                12 Park Place
                                                Mansfield, TX 76063
                                                Tel. (202) 594 - 4344
                                                J.Castro@CastroAndCo.com
                                                **Plaintiff *Pro Se***

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, J.A. Castro, under penalty of perjury, verify that the entirety of the foregoing document is true and correct.

Executed on September 25, 2023.

/s/ J.A. Castro
J.A. Castro

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
J.A. CASTRO

**(b)** County of Residence of First Listed Plaintiff: Tarrant County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

### DEFENDANTS
JUSTICE OF THE PEACE KENNETH SANDERS
1100 East Broad Street, Suite 202, Mansfield, TX 76063

County of Residence of First Listed Defendant: Tarrant County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Civil Rights — [x] 440 Other Civil Rights

### V. ORIGIN *(Place an "X" in One Box Only)*
[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District (specify)
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983, 28 U.S.C. §§ 2201 and 2202, 1st and 14th Amendments to the U.S. Constitution
Brief description of cause:
Deprivation of Civil Rights by a Judicial Officer of the State of Texas.

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $: 0
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [x] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____   DOCKET NUMBER: _____

DATE: Sep 25, 2023
SIGNATURE OF ATTORNEY OF RECORD: /s/ John Anthony Castro

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____